Filed 9/18/15  P. v. Holman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDDIE HOLMAN,<br><br>    Defendant and Appellant. | C077311<br><br>(Super. Ct. No. 13F07649) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### FACTUAL AND PROCEDURAL BACKGROUND

A first amended information charged defendant Eddie Holman with first degree robbery (count 1; Pen. Code, § 211)[1] and alleged that he personally used a firearm in the

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

commission of the offense (§ 12202.53, subd. (b)).  After trial, a jury convicted him on count 1 and found the firearm use allegation true.

The evidence showed that on the night of November 21, 2013, defendant used a .40-caliber semiautomatic handgun to rob the victim of $100, consisting of five $20 bills, at an ATM in the Natomas area of Sacramento.  In response to the victim's 911 call and her subsequent sighting of defendant entering an apartment complex, law enforcement officers promptly apprehended defendant.  The victim identified defendant in a show-up and was 90 percent sure of her identification.  She later identified defendant at trial as the person she had identified in the show-up.  In defendant's bedroom, the officers found five $20 bills, a .40-caliber semiautomatic handgun, and clothing which matched the victim's description of the clothing worn by the robber.

The trial court sentenced defendant to an aggregate state prison term of 13 years (3 years, the low term, on count 1, plus 10 years for the firearm enhancement).  The court awarded defendant 332 days of presentence custody credit (289 actual days and 43 conduct days).  The court imposed a $280 restitution fine (§ 1202.4, subd. (b)), a $280 suspended parole revocation restitution fine (§ 1202.45), a $40 court security fee (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), a $382.22 main jail booking fee (Gov. Code, § 29550.2), a $61.75 main jail classification fee (Gov. Code, § 29550.2), and a $10 crime prevention program fine (§ 1202.5).

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the

2

entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                        MURRAY          , J.



We concur:



        NICHOLSON        , Acting P. J.



        RENNER          , J.